Samuel B. **BRISTOW, Jr., Petitioner,**

v.

Park J. **ANDERSON, Warden, Respondent.**

**No. H–73–455.**

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1974.

Samuel B. Bristow, Jr., pro se.

Larry Derryberry, Atty. Gen., for respondent.

## OPINION

BUSSEY, Judge:

This is a Petition for Writ of Habeas Corpus in which Samuel B. Bristow, Jr., hereinafter referred to as petitioner, alleges that respondent is violating his constitutional rights for the following reasons:

"Have refused to allow petitioner to have enough paper and envelopes to petition the courts with; access to or use of the Oklahoma State Penitentiary Law Library; that the Respondent has refused to mail petitioner's petitions to the courts."

It is interesting to note that this Court has received copies of either Advisory Opinions or Orders Denying Writs in regard to petitioner, from the Honorable Robert J. Bell,[1] District Judge of Pittsburg County, dated as follows:

March 3, 1973

April 19, 1973

May 9, 1973 (2 Orders this date)

June 4, 1973

June 13, 1973

July 25, 1973

November 5, 1973.

In addition to the above Orders and/or Advisory Opinions, this Court has denied writs to petitioner on October 3, 1972 in A–17,690; April 18, 1973 in A–18,175, and August 3, 1973 in H–73–194.

---

1. Judge Bell is to be commended for his patience and diligence in dealing with the above mentioned writs filed in his court by this petitioner.

Thus, it is apparent, that petitioner has been allowed paper, access to and use of the Oklahoma State Penitentiary Law Library, and said petitions were mailed, inasmuch as petitioner has been answered, eleven (11) times prior to the instant cause. This Court adopts the reasoning of Roberts v. Pepersack, 256 F.Supp. 415 (D. Md.1966), wherein they state:

"The cases indicate that the interdiction of access to the courts must be alleged in order for the denial of legal materials to be considered as a deprivation of a constitutional right.

\* \* \* \* \* \*

In this case, the voluminous mass of petitions and letters bears witness to the fact that Roberts has not been impeded or discouraged by whatever regulations were in effect."

In all future cases, we do not intend, nor do we feel it is the duty of the trial judge, to entertain repeated writs dealing with frivolous assertions.

For all of the foregoing reasons, the Writ of Habeas Corpus is denied.

BLISS, P. J., and BRETT, J., concur.